UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. _____

**In re: 182 Honeysuckle Lane, Mount Vernon, Kentucky 40456**

UNITED STATES OF AMERICA                                        PLAINTIFF

VS.

CHRISTINA L. TRUMP
**Serve via certified mail:      182 Honeysuckle Lane**
**Mt. Vernon, KY 40456**

AND

UNKNOWN SPOUSE OF CHRISTINA L. TRUMP,              DEFENDANTS
**Serve via Appointment of**
**Warning Order Attorney:   182 Honeysuckle Lane**
**Mt. Vernon, KY 40456**


**COMPLAINT**

********

Comes now the Plaintiff, the United States of America, by and through its counsel, R. Scott Wilder and Melissa R. Dixon, and for its Complaint and cause of action against the Defendants states as follows:

1. This real estate mortgage foreclosure action is brought by the United State of America on behalf of its Department of Agriculture, Rural Development (hereinafter "RD"), pursuant to Title 28, United States Code, Section 1345.

2. On or about June 4, 2008, Christina L. Trump, for value received, executed and delivered to RD, a promissory mortgage note (hereinafter "Note") in the principal amount of $61,000.00 bearing interest at the rate of 5.375 percent per annum, the Note calling for

monthly payments of principal and interest.  A copy of this Note is attached hereto marked Exhibit A, and hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note and to secure its payment thereof, Christina L. Trump executed, acknowledged, and delivered to RD a real estate mortgage (hereinafter "Mortgage"), which was recorded on June 18, 2008, in Mortgage Book 210, Page 260, in the Commonwealth of Kentucky, Rockcastle County Clerk's Office.  In and by the Mortgage, said borrower granted to RD a first mortgage lien against the real property described in the Mortgage located in Rockcastle County, Kentucky (hereinafter "Property").  A copy of this Mortgage is attached hereto marked Exhibit B, and is hereby incorporated by reference as if set forth at length herein.

4. Contemporaneously with the execution of the Notes and Mortgage, Christina L. Trump executed, acknowledged, and delivered to RD a Subsidy Repayment Agreement (hereinafter "Subsidy Agreement").  A copy of this Subsidy Agreement is attached hereto marked Exhibit C, and hereby incorporated by reference as if set forth at length herein.

5. By virtue of all of the foregoing, the real property which is the subject of this mortgage foreclosure action consists of a tract of land located in Rockcastle County, Kentucky, and more particularly described as follows:

> Beginning at an iron pin with id cat #2773, S 50 degrees 00 minutes 00 seconds W, 91.14' to an iron pin found #3623, thence S 30 degrees 18 minutes 52 seconds W 87.48' to an iron pin found #3623, thence S 63 degrees 16 minutes 02 seconds E 22.10' to an iron pin found, thence S 84 degrees 48 minutes 12 seconds E 84.85' to an iron pin found, thence N 52 degrees 54 minutes 13 seconds 56.46' to an iron pin found, thence N 18 degrees 19 minutes 15 seconds E 104.27' to an iron pin with id cap #1253, thence N 74 degrees 37 minutes 26 seconds W 70.57 to the point of beginning and containing 0.38 acres. The above survey was performed by T.J. Daniel, KY Licensed Professional Surveyor #3384, December 2007.

> Being the same property conveyed to Jack Jacobs by deed recorded in Deed Book 220, Page 54, Rockcastle County Clerk's Office. For further reference, see Deed Book 214, Page 669, which was corrected by subsequent deed.
>
> Being also the same property conveyed to Christina Trump, unmarried, by deed from Jack Jacobs and Sara B. Jacobs, husband and wife, recorded in Deed Book 222, Page 191, in the Rockcastle County Clerk's Office.

6. The Defendants, and/or said borrowers, have failed and continue to fail to make payments of principal and interest due in accordance with the terms and conditions of the said Note and Mortgage and are, therefore, in default.

7. Paragraph (22) of the Mortgage of the Security Agreement provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then RD shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued and accruing interest to be immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof.  Because of the default of the Defendants, and/or said borrower, as set forth above, RD caused a Notice of Acceleration of Indebtedness and Demand for Payment to be issued to said Defendants declaring the entire indebtedness due upon the said Note and Mortgage to be immediately due and payable, which demand has been refused.

8. Paragraph (1) of the Subsidy provides that subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property.

9. The unpaid principal balance on the Note is $64,535.99, with accrued interest of $5,303.00, through August 15, 2013, with the total subsidy granted of $1,482.52, late charges in the amount of $58.44 and with fees assessed of $2,408.01, for a total unpaid

balance due of $73,787.96.  Interest is accruing on the unpaid principal balance at the rate of $9.5036 per day after August 15, 2013.  An Affidavit Proof Statement of Account executed by RD's foreclosure representative, William Lambert, is attached hereto as Exhibit E and is incorporated as set forth verbatim herein.

10. Included within the balance set out in paragraph 9 above, the portion of the debt attributable to the Note secured by the real estate collateral is the principal sum of $64,535.99, with interest accrued thereon of $5,303.00 through August 15, 2013.  Interest is accruing on the unpaid balance at the rate of $9.5036 per day after August 15, 2013.

11. Whether the Defendant, Christina L. Trump, is married is unknown to the Plaintiff.  To the extent that the Defendant, Christina L. Trump is married, the Unknown Spouse of Christina L. Trump, if same exists, is vested with a spousal interest in the Property by virtue of his status as the spouse of Christina L. Trump. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouse, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

12. The Property is indivisible and cannot be divided without materially impairing its value and the value of RD's lien thereon.

13. The lien on the Property in favor of RD by virtue of the Mortgage is first, prior and superior to all other claims, interests and liens in and to the Property except for liens securing the payment of ad valorem property taxes.

14. There are no other individuals or entities purporting to have an interest in the Property known to RD.

WHEREFORE, the Plaintiff, the RD, prays for relief as follows:

a. That the RD be awarded a Judgment, as the total amount owing is $64,535.99, as of August 15, 2013.  Interest is accruing on the unpaid principal balance at the rate of $9.5036 per day after August 15, 2013, until entry of Judgment herein, and thereafter according to law, plus costs, disbursement and expenses.

b. That RD be adjudged a lien on the subject Property, prior and superior to any and all other liens, claims, interests, and demands, except liens for unpaid real estate ad valorem taxes; and for an Order of Sale of the Property in accordance with Title 28, United States Code, Sections 2001- 2003, inclusive; that the Property be sold free and clear of any and all liens and claims for any and all parties to this action, except for real estate restrictions and easements of record, and any city, county, state, or school ad valorem taxes which may be due and payable thereon at the time of sale; and free and clear of any rider equity of redemption; and that the proceeds from the sale be applied first to the costs of this action, second to the debt, interest, costs, and fees due the Plaintiff, with the balance remaining to be distributed to the parties as their liens and interests may appear.

c. That the Property be adjudged indivisible and be sold as a whole.

d. That all Defendants be required to Answer and set up their respective liens, claims, or interests in the Property, if any, or be forever barred.

e. For any and all other lawful relief to which the Plaintiff may appear properly entitled.

Respectfully submitted,

By: /s/ Melissa R. Dixon
Attorney for the Plaintiff:
R. Scott Wilder/ Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 ½ N. Main St. Ste. 2
London, KY 40741
(606) 878-8906
Fax: (606)878-8907